United States District Court
For the District of Maryland
at Greenbelt

_____

| | |
|---|---|
| Lawrence Bailey | : |
| and | : Case No. 8:20-cv-02577 |
| Deborah Bailey, | : |
|     Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PHH Mortgage Services Corporation | : |
| d/b/a PHH Mortgage Services, et.al. | : |
|     Defendants. | : |

_____

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS IV, V, VI, VII, VIII, AND IX
OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

    Plaintiffs, LAWRENCE BAILEY and DEBORAH BAILEY, through undersigned counsel, responses in opposition to Defendants' Motion to Dismiss Counts IV, V, VI, VII, VIII, and IX of Plaintiffs' First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and states the following in support:

    **I.    Introduction**

    In their First Amended Complaint, Plaintiffs raise claims under the Fair Housing Act and Federal Consumer Protection Act (CPA) and Maryland Consumer Protection Act (MCPA). Plaintiffs also raise claims for breach of contract and abuse of process. Defendants' response to Plaintiff's claims reveal the ongoing underlying issue between African-American homeowners and the patchwork of financial institutions that are the holders of their mortgage notes and their agents who service them: the absence of any acknowledged obligation to be fair and transparent.

    Defendants first argue that neither the Federal or State Consumer Protection Acts obligate them to provide statements setting forth information about the amount of principal payments,

interest rates, or late fees, for each billing cycle.  However, Defendants interpretation of these statutes are too narrow, given the purpose of the Consumer Protection Acts at both the federal and state level.  In addition, the loan modification that Plaintiffs entered into with HSBC created an obligation under the aforementioned provision.  Defendant also asserts that Plaintiffs fail to state a claim for abuse of process.  However, in their argument, Defendant lists the elements of malicious prosecution, not abuse of process.  Plaintiffs sufficiently pled facts to sustain their claims under the proper legal standards for abuse of process.

     Defendants also assert that Plaintiffs have not pled sufficient facts to support their claims under the Fair Housing Act.  Plaintiffs' claims are based on their membership in a protected class and Defendants unlawful conduct under these statutes.  Plaintiffs pled facts that plausibly support their contention that despite fulfilling all their obligations under the loan modification, Defendants consistently declined to extend them any of the financial benefits of this modification, stripped them of the privileges of home ownership, and subjected them to a constant stream of third party trespassers on their property.  There is sufficient support in their pleadings for their contention that all of these actions were motivated by their race.  At the pleadings stage, Plaintiff is only required to show that it is plausible that Defendants were motivated by discriminatory intent.  Plaintiffs have met this burden.

    **II.**	**Applicable Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief must contain…a short and plain statement of jurisdiction, the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Pleadings that allege malice, intent, knowledge, or other mental conditions can be pled generally.  Under the pleading standard in *Iqbal* and *Twombly*, Plaintiffs are required to pled facts sufficient to establish that their claims


are plausible on their face, assuming that all the facts stated by the Plaintiff are true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). In order to plead facts sufficient to meet the requirements of Federal Rule of Civil Procedure 8(a) for claims under the CPA and MCPA, a Plaintiff must show that: (1) the Plaintiff belongs to a class protected by the statute; (2) the Defendant is an individual or entity regulated by the statute; (3) the transaction at issue is one that is regulated by the statute; (4) the Defendant engaged in conduct prohibited by the statute; and (5) the Plaintiff suffered injury as a result of the Defendant's actions. The Fair Housing Act prohibits discrimination against any person in the terms, conditions, or privileges of sale of a dwelling or in the provision of services in connection with the terms, conditions, or privileges of sale of a dwelling because of race. 42 U.S.C. §3604(b). Under the Fair Housing Act, a person or entity is liable for discrimination both for acts and policies that treat individuals differently, or impact individuals differently, based on race, sex, or another class protected by the statute.

### III. The Loan Modification Agreement dated February 12, 2019 created an obligation for Defendants under the Federal and State Consumer Protection Acts.

Defendants contend that Counts IV, V, and VI of Plaintiffs' First Amended Complaint fail to state a claim for which relief can be granted because the Defendants have no obligation under the various provisions of the Federal and State Consumer Protection Acts upon which these claims are based. Plaintiffs pleadings make a prima facie showing that they are entitled to relief under the CPA and MCPA, namely that: (1) Plaintiffs are consumers entitled to protection under the CPA and MCPA; (2) Defendants are creditors, who are entities regulated by the statutes; (3) mortgages are transactions regulated by the CPA and MCPA; (4) if true, the conduct

the Defendants engaged in was prohibited by the CPA and MCPA; and (5) the Plaintiffs suffered injuries in the form of economic losses.  Am. Compl. ¶¶ 1-79, 117-120, 123-130, 134-137.

The CPA requires that creditors make "meaningful disclosures to consumers" concerning the cost of credit so that consumers can make informed decisions.  15 U.S.C. §1601(a).  The CPA is also tasked with "protect[ing] the consumer against inaccurate and unfair credit billing." *Id*.  A creditor is "a person who both regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments, or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is…payable…by agreement."  15 U.S.C. §1602(g).  Defendants meet both prongs of this definition.  Am. Compl. ¶¶ 10-15.  Under 15 U.S.C. §1631(a), the statute further requires that creditors disclose the information required under the CPA, namely information regarding the cost of credit, which would include, but is not limited to, principal payments, interest rates, and late fees.  Since the principal balance, interest paid, and pay-off information will vary over the life of a residential mortgage, an initial disclosure at the time the mortgage is originated cannot satisfy the creditors' obligation under this statute.  Congress specifically lists ensuring that billing is accurate and fair as one of the purposes of the CPA.  It follows that providing accurate information about the cost of credit is a continuing obligation, and providing accurate information every billing cycle is one of the disclosures required under 15 U.S.C. §1631.  *See also* 15 U.S.C. §1601(a).  Defendants failed to provide accurate billing information as required under the CPA.

Even if 15 U.S.C. §1631 did not automatically create an obligation for Defendants, the loan modification dated February 12, 2019, created such an obligation.  *See* Defs. Ex. A.  Specifically, under Section Three of the loan modification, all of the payment terms are

described as monthly obligations, and Plaintiffs are directed to look for changes to their payments based on these monthly statements.  For example, Section 3d of the loan modification breaks down the total monthly payment with two general figures: (1) principal and interest and (2) tax and insurance.  *Id*.  This breakdown does not include what portion of each payment was allocated to the items in each payment category.  Directly following this section is a notation that total monthly payments may change according to "adjustments in property taxes, insurance amounts, or other escrow expenses."  *Id*.  This notation also indicates that the escrow payments should go from $893.67 to $523.44 per month.  Under Section 3g, there is another provision warning that the lender can increase or decrease monthly payments.  Taken all together, these individual provisions, and the totality of the agreement, create an obligation of Defendants to provide accurate billing information about the cost of the Plaintiffs' mortgage, which could (and did) vary from month to month.  Furthermore, each billing statement is a notice of payments due, payments made, and any other adjustments, which should have been sent directly to the Plaintiffs, under Section 18 of the loan modification agreement.  Plaintiffs did not receive any of these notices, which is a violation of 15 U.S.C. §1631.  Am. Compl. ¶¶ 117-119, 124-130, 134-137.

      Defendant also specifically allege that Count V must be dismissed because 15 U.S.C. §1639(t) only applies to high rate mortgages.  However, Plaintiffs bring their claims under 15 U.S.C. §1639g, which applies to all home loans without limitation.  *See* 15 U.S.C. §1639g ("A creditor or servicer of a home loan shall send an accurate pay off balance within reasonable time, but in no case more than seven days, after a receipt of a written request for such balance from or on behalf of the borrower.").

Lastly, Plaintiffs have sufficiently pled damages under Counts IV, V, and VI. Unlike the Defendants' contention that Plaintiffs must specify out-of-pocket expenses in order to satisfy the requirement that Plaintiffs suffered, damage, loss credit opportunities and emotional distress are recognized as actual injury and loss under the CPA and MCPA. *Marchese v. JP Morgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 468 (D. Md. 2013). Plaintiffs specify that as a result of Defendants failure to provide a pay-off balance or statements setting forth information about the amount of principal payments, interest rates, and late fees for each billing cycle, Plaintiffs could not ensure that their payments were being credited properly. They were also denied the opportunity to refinance their mortgage through another financial institution. Am. Compl. ¶¶ 119-120, 127-130, 135-137. In addition, the suggestion that Plaintiffs request for the maximum damages allowed by the CPA and MCPA is prohibited has no basis in law and Defendant provides no support for this assertion.

### V. Plaintiffs Fair Housing Act Claims in Counts VII and VIII are properly pled.

Conduct can be discriminatory under two different theories: (1) disparate treatment and (2) disparate impact. In Count VII, Plaintiffs allege that they were treated differently because of their race. Under the pleading standard in *Iqbal* and *Twombly*, Plaintiffs are required to plead facts sufficient to establish that their claims are plausible on their face, assuming that all the facts as stated by the Plaintiffs are true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Using the *McDonnell Douglas* standard as a guide, in order to make a case for discrimination based on disparate treatment, Plaintiffs must show that (1) they belong to a protected class; (2) Plaintiffs were denied terms, conditions, and/or privileges in the sale of a dwelling, or services in connection with the terms, conditions, and privileges of the sale

of a dwelling; and (3) there was no legitimate business purpose for this denial. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02 (1973). Plaintiffs are not required to identify similarly situated individuals of a different race who were treated differently in their pleadings. *Boardly v. Household Finance Corp., et.al*, 39 F.Supp. 3d 689, 710-11 (D. Md. 2014).Plaintiffs met their burden by showing that: (1) they are part of a protected class, specifically a racial minority; (2) they entered into a loan modification that guaranteed certain terms, conditions, and services; and (3) notwithstanding the fact that Plaintiffs performed all of the duties required under this agreement, Plaintiffs were denied terms, conditions, and services under this Agreement. Am. Compl. ¶¶ 7-8, 22, 29, 31, 33, 37-41, 49-57, 63-68.

Unlike what the Defendants contends, Plaintiffs must only give plausible support that Defendants were motivated by discriminatory intent in order to meet the requirements of the federal rule. Plaintiffs do not raise a bald allegation that they were denied terms, conditions, and services under the loan modification but detail specific time, place, and manner of conversations, events, actions, and omissions taken by Defendants, from the time the loan modification was signed until the initiation of the instant law suit. Am. Compl. ¶¶ 7-8, 22, 29, 31, 33, 37-41, 49-57, 63-68.

Once a Plaintiff has plead facts sufficient to sustain a discrimination action, the burden shifts to the Defendant to "articulate some legitimate, non-discriminatory reason for [their actions]." *McDonnell Douglas*, 411 U.S. at 802-03. Defendants have not filed an Answer to the First Amended Complaint, and so have not rebutted the Plaintiff's claims with a legitimate, non-discriminatory reason for their actions.

In Count VIII, Plaintiffs allege that Defendants calculation of forced place insurance has a disparate impact on African-Americans homeowners. In order to sufficiently pled facts

sufficient under a disparate impact claim, Plaintiffs must show: (1) a specific policy implemented by the Defendants that caused the racial disparity alleged; and (2) a direct connection between the injuries alleged and this policy. *National Fair Housing Alliance v. Bank of America, N.A.*, 401 F.Supp. 3d 619 (D. Md. 2019).  Proving a causal link between the policy and the injuries alleged does not necessarily require statistical analysis, but there must be a plausible connection between the policy and the injury claimed by the Plaintiff.  In this matter, Plaintiffs allege that Defendants policies in the calculation of forced place insurance, a neutral policy on its face, has the disparate impact on African-Americans of more expenses monthly mortgage payments.  Am. Compl. ¶¶ 172-177.  Other Courts have recognized that similar policies impact African-American communities disproportionately.  *See, e.g.*, *Lindsey v. Allstate Ins. Co.*, 34 F.Supp. 2d 636 (D. Tenn. 1999).

### VI. Plaintiffs have sufficiently pled Abuse of Process in Count IX.

Plaintiffs do not, as asserted in Defendants' Motion, argue that the foreclosure was an abuse of process.  Rather, Plaintiffs argue that the loan modification process was the abuse, as Defendant entered into an agreement they had no intention of honoring, perhaps with the expectation that Plaintiffs would again default on their loan.  The legal standard quoted by Defendants is that of malicious prosecution.  Plaintiff's have pled correctly under abuse of process.

### VII. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss Counts IV, V, VI, VII, VIII, and IX of Plaintiffs' First Amended Complaint, or in the alternative, that Plaintiffs be allowed to amend their Complaint or that any dismissal be without prejudice, as well as such other relief that justice requires.

Respectfully Submitted,

/s/ Andrea D. Smith
_____

Andrea D. Smith, Esq., Bar ID # 20532
The Law Office of Andrea D. Smith, LLC
9701 Apollo Drive, Suite 100
Largo, MD 20772
301-246-6805
andrea.smith@smithlawllc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2020, a copy of the foregoing was served via the ECF system to:

Walter Buzzetta, Esq.
Stradley Ronon Stevens & Young, LLP
2000 K Street, N.W. Suite 700
Washington, DC 20006
wbuzzetta@stradley.com

/s/ Andrea D. Smith
_____

Andrea D. Smith, Esq.