IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAWRENCE BAILEY and DEBORAH BAILEY,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, d/b/a PHH MORTGAGE SERVICES, HSBC BANK USA, NATIONAL ASSOCIATION, and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Case No. 8:20-cv-02577-GJH |

**REPLY IN SUPPORT OF DEFENDANTS, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, NATIONAL ASSOCIATION AND OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS COUNTS IV, V, VI, VII, VIII AND IX OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants PHH Mortgage Corporation d/b/a PHH Mortgage Services ("PHH"), HSBC Bank USA, National Association ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") hereby submit this Reply in support of their motion to dismiss with prejudice Counts IV, V, VI, VII, VIII and IX of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs offer limited argument in their opposition as they attempt to stretch breach of contract claims into statutory violations and, amazingly, claim for housing discrimination. The facts are clear though that Plaintiffs have not sufficiently stated these claims, and they should be dismissed with prejudice.

**I.     ARGUMENT IN REPLY**

Plaintiffs, through their amendments, attempt to take breach of contract claims, which are not subject to Defendants' Motion to Dismiss, and add inapplicable statutory violations, some of

which are supported with baseless accusations of racial discrimination. Defendants have moved to dismiss these claims as they are facially defective and completely unsupported. Nothing in Plaintiffs' opposition addresses the fact that (1) there is no statutory requirement supporting a claim in Count IV; (2) there is no statutory liability for creditor-assignees or servicers in Count V; (3) Plaintiffs do not allege a single economic damage supporting their claim for Count VI; (4) Plaintiffs have not met pleading requirements to state a claim for housing discrimination under the Fair Housing Act (Counts VII and VIII); and (5) Plaintiffs do not allege process supporting an abuse of process claim (Count IX).  Plaintiffs' claims should be dismissed with prejudice.

### A. In Support of Counts IV, V and VI, Plaintiffs Fail To Identify a Single Statutory Violation

Plaintiffs admit in their opposition that the basis for their various statutory claims is that the loan modification agreement allegedly "created an obligation" under the various statutes. However, Plaintiffs have still yet to identify a single applicable statutory provision for the alleged violations. Indeed, the exact same supporting facts are plead as breach of contract of the loan modification. However, simply pleading a breach of contract of a loan modification agreement does not also equate to a statutory violation.

Defendants have established that (1) there is no statutory requirement to provide monthly billing statements under 15. U.S.C. § 1631 (Count IV); (2) 15 U.S.C. § 1639(g) does not apply to creditor-assignees or servicers (Count V); and (3) Plaintiffs have not adequately alleged they suffered any economic damages supporting a claim under Maryland Consumer Protection Act Section 13-316 (Count VI).  While Plaintiffs acknowledged that they must allege conduct which

was "prohibited by the [Consumer Protection Act] and [Maryland Consumer Protection Act] in order to survive a motion to dismiss, [See ECF 15-1 at 4], they have failed to do so.

### 1. Plaintiffs Ask The Court to Create A Statutory Violation Which Does Not Exist Under 15. U.S.C. § 1631

In attempting to preserve Count IV, Plaintiffs merely quote the intent of the Act and general principles concerning its implementation and attempt to stretch those principles to establish a requirement that loan servicers provide disclosures for "every billing cycle." However, that is not what is required under 15. U.S.C. § 1631. Indeed, it would be strange if the billing cycle disclosure was read into the Act since the Act was intended to deal with disclosures at the consummation of the transaction itself. See *Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443, 449 (D. Md. 2018) ("Generally, TILA's disclosure requirements are triggered *before* a credit transaction is consummated" and the limited set of circumstances where new TILA disclosures are required following the initial closing on a mortgage loan include "refinancing, assumption of a loan, or an adjustment to the interest rate in variable-rate transactions") (emphasis in original). While, the statute provides for general disclosures which are required in a lending transaction, Plaintiffs do not allege that there was a refinance, assumption, or variable interest rates requiring disclosure. The statute simply does not require transmission of monthly billing statements and Plaintiffs do not offer any authority supporting their request that this Court stretch these requirements to apply to monthly billing statements.

Plaintiffs acknowledge this deficiency when they argue that "[e]ven if 15. U.S.C. § 1631 did not automatically create an obligation for Defendants, the loan modification dated February 12, 2019 created such an obligation." [ECF 15-1 at 4]. Of course, if Defendants failed to honor

3

such obligation, it could theoretically support a claim for breach of contract – but not a violation of 15. U.S.C. § 1631. Count IV should be dismissed with prejudice.

### 2. Plaintiffs Cannot State a Claim Against a Creditor-Assignee or Servicer for Liability Under 15 U.S.C. § 1639g

Plaintiffs fail to state a claim under Count V, as the statute does not apply to Defendants, and the claim is inadequately plead since it does not allege a written request. Plaintiffs allege 15 U.S.C. § 1639g imposes a requirement on both creditors and servicers to transmit a payoff statement within 7 business days from receipt.[1] This is incorrect. The act imposes liability on only on creditors – not servicers. *See Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443, 446 (D. Md. 2018) (stating that claims under 1639g against servicers are "clearly dismissible").[2] Thus, Plaintiff cannot state a claim against Ocwen or PHH.

Additionally, the Act's requirements are not imposed on creditors who are assignees. *See Evanto v. Federal Nat. Mort. Ass'n*, 814 F.3d 1295, 1299 (11th Cir. 2016) (affirming dismissal of a complaint against a creditor who was an assignee for alleged violation of §1639g); *Dawoudi v. Nationstar Mortg. LLC*, 448 F. Supp. 3d 918, 928 (N.D. Ill. 2020) (dismissing claim under 1639g as inapplicable against the assignee of a creditor); *Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443, 447 (D. Md. 2018) (same). Plaintiffs admit that HSBC was assigned their mortgage from the original

---

[1] Plaintiffs initially plead this Count as a violation of § 1639 generally. Defendants argued that the implementing provision applied only to high rate mortgages. Plaintiffs have clarified that the Amended Complaint alleges a violation under 1639g specifically. Defendants do not contend that the high rate mortgage requirement applies to 1639g. However, Plaintiffs have still failed to state a claim under this Count.

[2] Indeed, even if § 1639g applied to servicers, it could only apply to a servicer who receives the request. PHH did not service the loan when the alleged request was made. [ECF 12 at ¶¶ 54-58].

lender, Fidelity Mortgage. [ECF 12 at ¶¶ 9-10]. Accordingly, Plaintiffs cannot state a claim against HSBC.

Additionally, for a cause of action to survive under § 1639g, a plaintiff must allege that a defendant failed to "send an accurate payoff balance within ... 7 business days, after the receipt of a **written request** for such balance from or on the behalf of the borrower." 15 U.S.C. § 1639g (emphasis added); *see also Berry v. U.S. Bank Nat'l Ass'n*, No. 14-24877, 2015 WL 11233192, at *4-5 (S.D. Fla. Apr. 29, 2015) (dismissing a claim under 1639g for failure to state a claim where plaintiff alleged response received was inadequate). Indeed, in order to survive a motion to dismiss, a party must plead factual allegations concerning when and to whom a written request was sent. *Levine v. EverBank, FSB*, No. 1:17-cv-826, 2017 WL 6994578, at *8 (N.D. Ga. Nov. 2, 2017) *report and recommendation adopted*, 2017 WL 6994588 (N.D. Ga. Nov. 20, 2017) (granting a motion to dismiss an amended complaint where Plaintiff failed to allege they sent a written request) Moreover, there is no liability under § 1639g unless the request was transmitted directly to a defendant, and not to their agents or attorneys. *See Kantz v. Bank of America, N.A.*, No. 3:17-cv-51, 2018 WL 1948164, at *4 (M.D. Tenn. Apr. 25, 2018).

Plaintiffs cannot maintain a claim against a servicer or a creditor-assignee under § 1639g. Even if there was liability, Plaintiffs, despite their amendment, have failed to plead that either (1) the request was transmitted in writing; or (2) that it was transmitted directly to Ocwen. For each of these reasons, Plaintiffs have failed to state a claim and Count V should be dismissed with prejudice.

### 3. Plaintiffs Have Not Plead Damages Supporting a Claim Under the Maryland Consumer Protection Act

Section 13-316(e) makes clear that a borrower's recovery for a violation is limited to "economic damages caused by the violation." *Robinson v. Nationstar Mortg. LLC*, No. TDC-14-

3667, 2019 WL 4261696, at *11 (D. Md. Sept. 9, 2019). A private party bringing a cause of action under the MCPA, including section 13-316, must allege "an actual injury or loss." *Lloyd v. General Motors Corp.*, 916 A.2d 257, 277 (Md. 2007); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 467 (D. Md. 2013). Furthermore, claims under the MDCA sound in fraud and are subject to heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d at 468 (citations omitted). Accordingly, courts will dismiss an action where a plaintiff fails to allege that he suffered any particular harm other than "the debt that he already owed." *Id*.

In this action, Plaintiffs simply allege they "could not ensure their payments were being credited properly." [ECF 15-1 at 6]. This is not an actual injury and does not meet heightened pleading requirements. Indeed, unless something was misapplied, Plaintiffs simply were liable for the debt they already owed. And while Plaintiffs allege that they were "denied the opportunity to refinance" – that is not what is actually alleged in Count VI. Instead, all Plaintiffs allege is that they did not receive notice within 7 days of the service transfer from Ocwen to PHH. [ECF 12 at ¶ 134]. Plaintiffs cannot explain how the failure to notify them of a service transfer within 7 days resulted in their inability to refinance a mortgage, when they affirmatively allege that the attempt to refinance occurred *prior* to the service transfer. [ECF 12 at ¶ 54, 58]. Likewise, Plaintiffs do not elaborate in any way on their conclusory allegation that these events caused "emotional distress."

Despite needing to comply with heightened pleading requirements, Plaintiffs offer only the conclusory allegation that they "suffered damages in the form of financial losses, mental anguish, and emotional distress" absent any attempt at all to demonstrate what such damages were or how

6

they were incurred as a result of the failure of PHH or Ocwen to send notice of transfer of mortgage servicing [ECF 12 at ¶ 137]. Count VI should be dismissed with prejudice.

### B. Merely Pleading That They Are African American Does Not Create a Discrimination Claim Under the Fair Housing Act

While Plaintiffs correctly acknowledge that claims for housing discrimination can be supported by either alleging disparate treatment or disparate impact, Plaintiffs incorrectly apply the standard for evaluating such claims. Plaintiffs are incorrect when they state (1) they do not have to allege different treatment, (2) that the burden is on Defendant to rebut their allegations, and (3) that they can establish disparate impact through unsupported allegations.

First, Plaintiffs allege that they do not have to identify similarly situated individuals of a different race who were treated differently in their pleadings in order to state a claim for a violation of the Fair Housing Act.[3] [ECF 15-1 at 7] In support of this proposition, Plaintiffs cite only to *Boardley v. Household Finance Corp.*, 39 F. Supp. 3d 689 (D. Md. 2014). Upon review, however, the plaintiffs in *Boardley* affirmatively alleged that under the commission-driven policy at issue "blacks and Hispanics paid disparately more discretionary charges (both in frequency and amount) than similarly situated whites" and defendants were "able to collect more finance charges from African Americans and Hispanics than their white counterparts." *Id*. at 708. However, even these allegations were insufficient to state a claim and survive a motion to dismiss. The court observed that "Plaintiffs offer only conclusory allegations that others outside their protected class received loans on more favorable terms. These "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S.

---

[3] Defendants agree that where a plaintiff is only stating a claim on disparate impact grounds they are not required to also allege disparate treatment. As Plaintiffs in this case have not expressly stated they are only alleging disparate impact, they must sufficiently plead disparate treatment for a treatment-based claim to survive.

662, 678–79, (2009)). Thus, Plaintiffs are incorrect when they state they do not have to identify similarly situated individuals of a different race who were treated differently.

Second, Plaintiffs contend that under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the burden is on Defendants to rebut allegations of housing discrimination. Of course, the burden-shifting occurs only after a plaintiff "establish[es] a prima facie case for race discrimination." *Boardley*, 39 F. Supp. 3d at 709. Here, Plaintiffs have not established a prima facie case with supporting factual evidence. As concerns disparate treatment, the alleged treatment must be related to the protected status. *Roberson v. Graziano*, No. WDQ-09-3038, 2010 WL 2106466, at *3 (D. Md. May 21, 2010). Conclusory allegations of discriminatory intent are insufficient. *Bailey v. Village Green Mut. Homes Inc.*, No. RWT 12-cv-3079, 2014 WL 198348, at *3-4 (D. Md. Jan. 14, 2014). Here, Plaintiffs have only offered conclusory allegations the conduct was related to their race. As concerns disparate impact, Plaintiffs have not established the "***robust*** causality requirement" between the alleged practice and impacted class. *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2523 (2015) (emphasis added). Thus, having failed to state a prima facie case, Plaintiffs have not triggered the burden-shifting contemplated by *McDonnell Douglas*.

Third, when evaluating a claim for disparate impact, the pleading requirement of establishing a robust causality is significant. Merely, stating that a policy "had a significant and pervasive adverse impact on black homeowners," … is not tantamount to "show[ing] that [the] policy caused a significant disparate effect on a protected group." *Boardley*, 39 F. Supp. 3d at 712. Conclusory allegations that members of protected groups paid more discretionary charges, such as finance charges, and higher interest rates, do not suffice to state a claim under the FHA. *Id.*

Simply comparing Plaintiffs' original complaint with the Amended Complaint demonstrates the conclusive and insufficient pleading of Plaintiffs' discrimination claims. Such a review confirms that all Plaintiffs did to support their serious charges of racial discrimination is to add to their original pleading that (1) they are African-American; (2) baldly assert that the "actions and omissions of the Defendant are part of a pattern of racial discrimination that Plaintiffs experienced while Defendant [HSBC Bank] was the Note Holder, and Defendants [Ocwen] and [PHH] acted as its agent in their capacity as loan servicers;" and (3) conclusively stated that forced place insurance "had a disparate impact on African-American homeowners." [ECF 12 at ¶¶ 7-8, 163]. Such bare minimum facts do not support claims under the Fair Housing Act under either disparate treatment or disparate impact grounds. Counts VII and VIII should be dismissed with prejudice.

### C. **Plaintiffs Have Not Stated a Claim for Abuse of Process**

Incredibly, Plaintiffs contend that they do not allege that the foreclosure was an abuse of process, but only that the loan modification was an abuse of process. Of course, a claim for abuse of process itself requires the misuse of ***official process***. *See Krashes v. White,* 275 Md. 549, 555 (1975) ("The tort of abuse of process occurs when a party has willfully misused criminal or ***civil process after it has issued*** in order to obtain a result not contemplated by law") (emphasis added) Loan modifications do not involve and do not require "civil process." Plaintiffs cannot sustain a claim for abuse of process when they do not even attempt to include a civil or criminal action as the process which was abused. As Plaintiffs concede that their claim is based solely on the loan modification, Count IX should be dismissed with prejudice.

## II. CONCLUSION

For all these reasons, Defendants PHH Mortgage Corporation d/b/a PHH Mortgage Services, HSBC Bank USA, National Association and Ocwen Loan Servicing, LLC respectfully request that the Court grant its Motion and dismiss Counts IV, V, VI, VII, VIII and IX of the First Amended Complaint with prejudice, and grant them such other relief to which they are entitled.

                                                                 /s/ Walter Buzzetta
                                                                 Walter J. Buzzetta (VSB No. 68006)
Stradley Ronon Stevens & Young LLP
2000 K Street, N.W., Suite 700
Washington, DC 20006
Telephone: (202) 607-6407
Facsimile: (202) 822-0140
Email: wbuzzetta@stradley.com

*Counsel for Defendants,*
*PHH Mortgage Corporation d/b/a PHH*
*Mortgage Services, HSBC Bank USA,*
*National Association and Ocwen Loan*
*Servicing, LLC*

Dated: November 25, 2020

## CERTIFICATE OF SERVICE

I, Walter J. Buzzetta, hereby certify that the foregoing Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) was filed electronically through the Court's ECF system, which caused it to be served upon all counsel of record.

                                                                /s/ Walter Buzzetta
                                                                 Walter J. Buzzetta

Date: November 25, 2020